**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION FUND; ROOFERS RESEARCH AND EDUCATION TRUST; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, | ) | CASE NO.: 1:26-cv-10556 |
| Plaintiffs, | ) | JUDGE: |
| vs. | ) | MAG. JUDGE: |
| J & F CHIATTELLO CONSTRUCTION, INC., an Indiana Corporation, and JAMES CHIATTELLO, an individual, | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, the ROOFERS' PENSION FUND ("Pension Fund"); the ROOFERS' UNIONS WELFARE TRUST FUND ("Welfare Fund"); the CHICAGO ROOFERS' APPRENTICESHIP AND TRAINING FUND ("Training Fund") (collectively, the "Local 11 Funds"); the ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("Industry Fund"); the ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("Promotional Fund"); the NATIONAL ROOFING INDUSTRY PENSION FUND ("NRIPF"); the ROOFERS RESEARCH AND EDUCATION TRUST ("Research Trust") (collectively, the "National Funds"); and the UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11 ("Union"), by and through their attorneys, JOHNSON &

KROL, LLC, and complain of the Defendants J & F CHIATTELLO CONSTRUCTION, INC. ("JFCCI") and JAMES CHIATTELLO ("James Chiattello") as follows:

## **JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132, and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Pension Fund and Welfare Fund are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois, and the Training Fund is administered at 7045 Joliet Road, Indian Head Park, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## **PARTIES**

3. The Local 11 Funds receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the Union and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The Industry Fund is an industry improvement fund administered in Hillside, Illinois.

5. The Promotional Fund is a labor management cooperation committee that is administered in Oak Brook, Illinois.

6. The NRIPF is administered in Bloomington, Minnesota and receives contributions from numerous employers pursuant to collective bargaining agreements, including the SWA.

7. The NRIPF sponsors two multiemployer pension plans within the meaning of 29 U.S.C. § 1002: the National Roofing Industry Pension Plan, a defined benefit pension plan, and the National Roofing Industry Supplemental Pension Plan, a supplemental defined contribution pension plan.

8. The Research Trust is a national training fund with its principal place of business located in Bloomington, Minnesota.

9. The Research Trust receives contributions from numerous employers pursuant to collective bargaining agreements, including the SWA.

10. Defendant JFCCI is an Indiana corporation with its principal place of business in Dyer, Indiana.

11. Defendant James Chiattello is the President of JFCCI.

## FACTS COMMON TO ALL COUNTS

12. In August 2018, JFCCI entered into a Memorandum of Understanding ("MOU") with the Union. (A copy of the MOU is attached as **Exhibit 1**).

13. Through the MOU, JFCCI became bound to the SWA negotiated between the Union and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. in effect at that time, as well any successor SWAs negotiated thereafter. (A copy of the SWA in effect from June 1, 2025 through May 31, 2029 is attached as **Exhibit 2**).

14. Pursuant to the terms and conditions set forth in the SWA, JFCCI became bound by the provisions of the Local 11 and National Funds' Agreements and Declarations of Trust ("Trust Agreements") that established and administer each Fund.

15. Pursuant to the Trust Agreements and SWA, JFCCI also became bound to the terms and conditions of Local 11 Funds' Employer Collection and Audit Procedures ("Local 11 Collection Procedures") to administer the collection of contributions from employers. (**Exhibit 2**); (A copy of the Local 11 Collection Procedures is attached as **Exhibit 3**).

16. Pursuant to its Trust Agreement, the NRIPF adopted a Consolidated Policy and Procedures on Collection of Delinquent Contributions and Payroll Audits ("NRIPF Collection Procedures") to administer the collection of contributions owed to the National Roofing Industry Pension Plan and National Roofing Industry Supplemental Pension Plan. (A copy of the NRIPF Collection Procedures is attached as **Exhibit 4**).

17. Pursuant to the SWA, NRIPF Collection Procedures, and Local 11 Collection Procedures, the Trustees of the Local 11 Funds and National Funds have the authority to conduct a payroll compliance audit of JFCCI's records. (**Exhibits 2 - 4**).

18. The provisions of the SWA, Trust Agreements, Local 11 Collection Procedures, and NRIPF Collection Procedures require JFCCI to make monthly reports of hours worked by bargaining unit employees and pay contributions to the Local 11 Funds and National Funds at the negotiated rate for each hour of covered work. (**Exhibits 2 - 4**).

19. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

20. Pursuant to the terms of the SWA, JFCCI is required to deduct dues assessments ("dues") for each hour worked by its bargaining unit employees under the SWA from its employees' wages and remit the deductions to the Union on a monthly basis. (**Exhibit 2**).

21. The dues during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

22. Pursuant to the SWA, Trust Agreements, Local 11 Collection Procedures, and NRIPF Collection Procedures, employers who fail to timely report hours and pay contributions and dues to the Local 11 Funds, National Funds, and Union by the last day of the month following the month in which the work was performed are assessed liquidated damages equal to ten percent (10%) of the unpaid contributions as well as interest at the rate of twelve percent (12%) per annum. (**Exhibits 2 - 4**).

23. For several months between 2024 and 2025, JFCCI failed to timely remit contributions and dues to the Local 11 Funds, National Funds, and Union. In total, JFCCI owed the Local 11 Funds, National Funds, and Union $40,135.01 in liquidated damages and interest.

24. In February 2026, to resolve known liquidated damages and interest, JFCCI and James Chiattello entered into a Settlement Agreement ("2026 Settlement Agreement") with the Local 11 Funds, National Funds, and Union, pursuant to which JFCCI and James Chiattello agreed to remit twelve (12) monthly installment payments from February 2026 through January 2027: $3,239.88 per month to the Local 11 Funds and Union, and $302.64 per month to the National Funds. (A copy of the 2026 Settlement Agreement is attached as **Exhibit 5**).

25. JFCCI and James Chiattello previously entered into settlement agreements with the Local 11 Funds, National Funds, and Union in 2022 and 2024. (A copy of the 2022 Settlement Agreement is attached as **Exhibit 6**); (A copy of the 2024 Settlement Agreement is attached as **Exhibit 7**).

26. All Settlement Agreements required JFCCI and James Chiattello to timely remit all ongoing monthly contributions and dues to the Local 11 Funds, National Funds, and Union by the fifteenth (15th) day of the month following the month in which work was performed. (2026 Settlement Agreement ¶ 6; **Exhibit 5**); (2022 Settlement Agreement ¶ 6; **Exhibit 6**); (2024 Settlement Agreement ¶ 7; **Exhibit 7**).

27. Pursuant to all Settlement Agreements, James Chiattello agreed to be treated as a joint employer as defined in 29 U.S.C. § 1145 and to be personally liable for all payments (including attorneys' fees and audit results) required by each Settlement Agreement. (2026 Settlement Agreement ¶ 7; **Exhibit 5**); (2022 Settlement Agreement ¶ 8; **Exhibit 6**); (2024 Settlement Agreement ¶ 9; **Exhibit 7**).

28. In addition to addressing the outstanding debts detailed within them, each Settlement Agreement required James Chiattello to be personally liable for any amounts identified through a payroll compliance audit. (2026 Settlement Agreement ¶ 7; **Exhibit 5**); (2022 Settlement Agreement ¶ 8; **Exhibit 6**); (2024 Settlement Agreement ¶ 9; **Exhibit 7**).

29. The 2026 Settlement Agreement further required JFCCI and James Chiattello to provide updated information regarding its work in the Territorial Jurisdictions of the Union. (2026 Settlement Agreement ¶ 5; **Exhibit 5**).

30. Following execution of the 2026 Settlement Agreement, a payroll compliance audit for the period of October 1, 2022 through June 30, 2025 (the "Audit") identified additional amounts owed by JFCCI to the Local 11 Funds, National Funds, and Union. Specifically, the Audit identified $122,973.51 in contributions, dues, liquidated damages, and interest owed to the Local 11 Funds, National Funds, and Union, itemized as follows:

| Type | Contributions/Dues | Liquidated Damages | Interest | Total |
|---|---|---|---|---|
| Local 11 Funds | $78,674.86 | $7,979.52 | $21,169.06 | $107,823.40 |
| National Funds | $7,320.93 | $801.71 | $1,974.09 | $10,096.73 |
| Union | $966.24 | -- | -- | $966.24 |
| Audit Fee | -- | -- | -- | $4,087.10 |
| **Total** | **$86,962.03** | **$8,781.23** | **$23,143.15** | **$122,973.51** |

(A redacted copy of the Audit is attached as **Exhibit 8**).

**COUNT I**
**BREACH OF CONTRACT –**
**SWA AND TRUST AGREEMENTS**

31. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-30 of this Complaint with the same force and effect as if fully set forth herein.

32. JFCCI and James Chiattello, as joint employers, failed to timely report weeks worked and remit contributions to the Local 11 Funds for the months of April and June 2026, and to the National Funds for the months of April and May 2026. Accordingly, JFCCI and James Chiattello were assessed liquidated damages and interest in the amount of $3,768.82, itemized as follows:

| Type | Months | Liquidated Damages | Interest | Late Fee | Total |
|---|---|---|---|---|---|
| Local 11 Funds | Apr-26 | $1,199.71 | $70.66 | $250.00 | $1,520.37 |
| National Funds | Apr-26 | $330.70 | $47.84 | -- | $378.54 |
| National Funds | May-26 | $506.83 | $124.97 | -- | $631.80 |
| Local 11 Funds | Jun-26 | $883.78 | $104.33 | $250.00 | $1,238.11 |
| **Total** | | **$2,921.02** | **$347.80** | **$500.00** | **$3,768.82** |

33. JFCCI and James Chiattello, as joint employers, failed to report weeks worked or remit contributions for June 2026 to the National Funds, and for July 2026 to both the Local 11 Funds and National Funds; accordingly, JFCCI and James Chiattello owe contributions to the Local 11 Funds and National Funds in an unknown amount, along with resulting liquidated damages and interest in an amount to be determined.

34. JFCCI and James Chiattello's failure to remit certain contributions, and failure to timely remit other contributions, constitutes a breach of the SWA and Trust Agreements.

35. JFCCI and James Chiattello have a continuing obligation to submit monthly reports and to pay contributions on behalf of their employees to the Local 11 Funds and National Funds and, as a result, additional amounts may be owed during the course of this litigation.

36. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from JFCCI and James Chiattello.

37. JFCCI and James Chiattello are required to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the SWA, Trust Agreements, Settlement Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendants for liquidated damages and interest owed to the Local 11 Funds and National Funds in the amount of $3,768.82 for the months of April, May, and June 2026;

B. That Defendants be ordered to report hours worked by bargaining-unit employees for June 2026 to the National Funds and for July 2026 to both the Local 11 Funds and National Funds;

C. That Judgment be entered in favor of Plaintiffs and against Defendants for any contributions, liquidated damages, and interest that may be revealed as due and owing by the June and July 2026 reports;

D. That Judgment be entered in favor of Plaintiffs and against Defendants for any other contributions, dues, liquidated damages, and interest that may become due in addition to the amounts identified in Paragraphs A-C above;

E. That Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the SWA, Trust Agreements, Settlement Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**BREACH OF CONTRACT –**
**SWA AND 2026 SETTLEMENT AGREEMENT**

38. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-37 of this Complaint with the same force and effect as if fully set forth herein.

39. As discussed earlier, the Audit revealed that JFCCI owes the Local 11 Funds, National Funds, and Union $122,973.51 in contributions, dues, liquidated damages, and interest. The amounts revealed by the Audit are separate and distinct from the amounts itemized in the 2026 Settlement Agreement and the amounts itemized in Count I above. (**Exhibit 8**).

40. Defendants have failed to pay the amounts revealed by the Audit.

41. JFCCI's failure to remit the amounts revealed by the Audit constitutes a breach of the SWA and 2026 Settlement Agreement.

42. Pursuant to all Settlement Agreements, James Chiattello is jointly and severally liable for amounts revealed by the Audit. (2026 Settlement Agreement ¶ 7; **Exhibit 5**); (2022 Settlement Agreement ¶ 8; **Exhibit 6**); (2024 Settlement Agreement ¶ 9; **Exhibit 7**).

43. James Chiattello's failure to remit the amounts revealed by the Audit constitutes a breach of the 2026 Settlement Agreement. (2026 Settlement Agreement ¶ 7; **Exhibit 5**).

44. To collect the amounts revealed by the Audit, Plaintiffs have been required to employ the undersigned attorneys.

45. JFCCI and James Chiattello are obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the SWA, 2026 Settlement Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendants in the amount of $122,973.51 for contributions, dues, liquidated damages, interest, and audit fees as revealed by the Audit;

A. That Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the SWA, 2026 Settlement Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

B. That Plaintiffs have such other relief as the Court may deem just and equitable all at Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(D).

**COUNT III**
**BREACH OF CONTRACT –**
**2026 SETTLEMENT AGREEMENT**

46. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-45 of this Complaint with the same force and effect as if fully set forth herein.

47. After executing the 2026 Settlement Agreement in January 2026, JFCCI and James Chiattello prepaid installment payments through the August 2026 installment.

48. Pursuant to the 2026 Settlement Agreement, JFCCI and James Chiattello are required to submit monthly contribution remittance reports and payments to the Local 11 Funds, National Funds, and Union in a timely manner during the duration of the 2026 Settlement Agreement, beginning with the contribution reports and payments required for January 2026. (2026 Settlement Agreement ¶ 6; **Exhibit 5**).

49. JFCCI and James Chiattello defaulted on the 2026 Settlement Agreement by failing to timely report hours and remit contributions for April and May 2026 to both the Local 11 Funds and National Funds, by failing to report hours and remit contributions for June 2026 to the National Funds, and by failing to report hours and remit contributions for July 2026 to both the Local 11 Funds and National Funds.

50. In the event of a breach of the 2026 Settlement Agreement, Plaintiffs are entitled to the following remedies:

> (1) any and all outstanding payments due under [the] Agreement shall immediately become due and owing; (2) an additional liquidated damages charge of 10% of all unpaid amounts shall become due and payable by JFCCI and Chiattello; (3) JFCCI and Chiattello jointly confess judgment for any and all outstanding installment payments due under this Agreement; (4) the Local 11 Funds, National Funds, and Union may initiate a lawsuit against JFCCI and Chiattello in either state or federal court for breach of the Agreement and/or SWA and seek damages for all amounts required but not yet paid pursuant to the terms of this Agreement; (5) should the Local 11 Funds, National Funds, and Union file a new lawsuit, JFCCI and Chiattello consent that jurisdiction and venue are proper in Cook County, Illinois; and (6) in the event the Local 11 Funds, National Funds, and Union are required to engage an attorney to enforce JFCCI and Chiattello's obligations, or to collect any amounts due under this Agreement, JFCCI and Chiattello shall be liable for all reasonable attorney's fees and costs incurred by the Local 11 Funds, National Funds, and Union.

(2026 Settlement Agreement ¶ 9; **Exhibit 5**).

51. On July 10, 2026, Plaintiffs sent a Notice of Default of the 2026 Settlement Agreement ("Notice of Default") to JFCCI and James Chiattello. (A copy of the Notice of Default is attached as **Exhibit 9**).

52. On July 14, 2026, Plaintiffs tentatively extended the deadline to comply with the Notice of Default, conditioned on JFCCI and James Chiattello submitting a filled copy of Exhibit B of the 2026 Settlement Agreement, which would provide updated information regarding Defendants' work in the Territorial Jurisdictions of the Union. (**Exhibit 5**); (A copy of the Extension of Notice of Default is attached as **Exhibit 10**).

53. Despite receiving notice of the pending default—notice that Plaintiffs were not required to provide under the 2026 Settlement Agreement—JFCCI and James Chiattello failed to pay the liquidated damages and interest owed for April 2026 and failed to fill and return Exhibit B of the 2026 Settlement Agreement.

54. Therefore, Defendants breached the 2026 Settlement Agreement by failing to: (a) timely report hours and remit contributions for April and May 2026 to both the Local 11 Funds and National Funds; (b) report hours and remit contributions for June 2026 to the National Funds; (c) complete and return Exhibit B of the 2026 Settlement Agreement; and (d) report hours and remit contributions for July 2026 to both the Local 11 Funds and National Funds;

55. As a result, Plaintiffs are entitled to the remedies set forth in the 2026 Settlement Agreement. (2026 Settlement Agreement ¶ 9; **Exhibit 5**).

56. Accordingly, Defendants owe Plaintiffs $18,970.99 under the 2026 Settlement Agreement, itemized as follows:

| Type | Amount |
|---|---|
| Remaining Balance Owed After August 2026 | $17,246.35 |
| Liquidated Damages (10%) | $1,724.64 |
| **Total** | **$18,970.99** |

57. In addition to the amounts itemized above, JFCCI and James Chiattello jointly confess judgment under the 2026 Settlement Agreement for any and all outstanding installment payments due thereunder. (2026 Settlement Agreement ¶ 9; **Exhibit 5**).

58. Plaintiffs are therefore entitled to entry of judgment against JFCCI and James Chiattello, jointly and severally, for the amounts due under the 2026 Settlement Agreement, together with all reasonable attorneys' fees and costs incurred in enforcing Defendants' obligations and collecting the amounts due.

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendants, jointly and severally, pursuant to the confession-of-judgment provision in the 2026 Settlement Agreement, in the amount of $18,970.99;

B. That Defendants be ordered to complete and return Exhibit B of the 2026 Settlement Agreement;

C. That Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the 2026 Settlement Agreement; and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**ROOFERS' PENSION FUND,**
***et al.***

By: /s/ Spencer J. Garner (6349089)
*One of Plaintiffs' Attorneys*
Spencer J. Garner
JOHNSON & KROL, LLC
141 W Jackson Boulevard, STE 2055
Chicago, Illinois 60604
(312) 320-9420
garner@johnsonkrol.com